IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DALE HARAPAT,

      Plaintiff,

vs.                                                                                              No. CIV 08-0512 JB/GBW

BENJIE VIGIL, PHIL ESQUIBEL,
and TONY VALDEZ, in their individual
capacities, and RICHARD FLORES,
in his official capacity,

      Defendants.

## **ORDER**

      **THIS MATTER** comes before the Court on Plaintiff's Motion in Limine to Exclude Testimony of Certain Witnesses Identified by Defendant Benjie Vigil, filed January 4, 2010 (Doc. 77). The Court held a hearing on January 19, 2010. The primary issues are: (i) whether the Court should exclude testimony from Dr. Diana Calderon and Veronique Harapat-Clarke, witnesses Defendant Benjie Vigil has identified that he might call, during Vigil's case-in-chief; and (ii) whether the Court should exclude rebuttal testimony from Calderon and Harapat-Clarke. For the reasons stated on the record, and further reasons consistent with those already stated, the Court will grant the motion in part and reserve ruling in part until trial.

      In the Pretrial Order, which the parties agreed upon on December 17, 2009, Vigil identified Calderon, a psychologist who conducted an evaluation of Plaintiff Dale Harapat and his family in the context of a custody dispute, and Harapat-Clarke, Harapat's ex-wife, as possible witnesses for trial. See Pretrial Order at 20-21, filed January 12, 2010. Harapat argues that proffered testimony of these witnesses has no relevance to the parties' claims or defenses, and that the Court should

exclude these witnesses under rule 402 of the Federal Rules of Evidence.  <u>See</u> Motion at 2.  In his response to the motion, Vigil states that he will not call these witnesses in his case-in-chief.  <u>See</u> Defendant Benjie Vigil's Response to Plaintiff's Motion in Limine to Exclude Testimony of Certain Witnesses Identified by Defendant Benjie Vigil at 2, filed January 18, 2009 (Doc. 96).  Because Vigil does not oppose Harapat's motion, the Court will grant the motion in part and exclude testimony from Calderon and Harapat-Clarke during Vigil's case-in-chief.

Vigil opposes the motion, however, to the extent that Harapat seeks to preclude Vigil from calling one or both of the witnesses for possible rebuttal purposes.  <u>See</u> <u>id.</u>  It is premature to determine whether the testimony of these witnesses may be relevant in rebuttal, so the Court reserves ruling on the motion.  The Court cautions Vigil, however, that the Court retains discretion to disallow rebuttal testimony when a party seeks to rebut testimony which was known or could have reasonably been anticipated.  <u>See</u> <u>Koch v. Koch Indus.</u>, 203 F.3d 1202, 1224 (10th Cir. 2000)("Where the evidence rebuts new evidence or theories proffered in the defendant's case-in-chief, that the evidence may have been offered in the plaintiff's case-in-chief does not preclude its admission in rebuttal.  When plaintiffs, however, seek to rebut defense theories which they knew about or reasonably could have anticipated, the district court is within its discretion in disallowing rebuttal testimony.")(internal quotations and citations omitted).  The Court is particularly skeptical that Vigil -- a defendant -- will be able to properly call these two witnesses as rebuttal witnesses.  Nevertheless, while unlikely, there might be some surprise that neither Vigil nor the Court can now anticipate, and accordingly, the Court will not at this time preclude any rebuttal witnesses.

**IT IS ORDERED** that Plaintiff's Motion in Limine to Exclude Testimony of Certain Witnesses Identified by Defendant Benjie Vigil is granted in part, and ruling is reserved in part.  Vigil is precluded from presenting testimony from Dr. Diana Calderon and/or Veronique Harapat-

Clarke in his case-in-chief, but the Court reserves ruling whether these witnesses may be called on rebuttal.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel:*

Adam S. Baker
Taos, New Mexico

-and-

Alan H. Maestas
Maestas & Boothby, P.C.
Taos, New Mexico

    *Attorneys for the Plaintiff*

Carlos M. Quinones
Quinones Law Firm
Santa Fe  New Mexico

    *Attorney for Defendant Benji Vigil*

Luis E. Robles
Terri S. Beach
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Phil Esquibel, Tony Valdez, Richard Flores*