**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DALE HARAPAT,

      Plaintiff,

vs.  No. CIV 08-0512 JB/GBW

BENJIE VIGIL, PHIL ESQUIBEL,
and TONY VALDEZ, in their individual
capacities, and RICHARD FLORES,
in his official capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Benjie Vigil's Motion in Limine to Exclude Evidence of Defendant Vigil's Alleged Conversations with the District Attorney's Office, filed January 4, 2010 (Doc. 76). The Court held a hearing on January 19, 2010. The primary issues are: (i) whether the Court should exclude at trial testimony from Plaintiff Dale Harapat regarding a statement Defendant Benjie Vigil allegedly made on February 15, 2007, outside the Fourth Judicial District Attorney's Office; and (ii) whether the Court should exclude at trial testimony from Harapat regarding a statement Vigil allegedly made on February 15, 2007, at the San Miguel County Detention Center. For the reasons stated on the record, and further reasons consistent with those already stated, the Court will grant the motion in part and deny the motion in part.

Vigil objects to the admission of testimony from Harapat that, outside the Fourth Judicial District Attorney's Office, he heard Vigil state: "Tom Clayton is in [the district attorney's office] today and wanted us to check on what was going on." Motion at 1. In his response, Harapat represents that he does not intend to testify to this statement at trial. See Response in Opposition

to Defendant Benjie Vigil's Motion in Limine to Exclude Evidence of Defendant Vigil's Alleged Conversation with the District Attorney's Office at 1, filed January 19, 2010 (Doc. 98). Because Harapat does not oppose Vigil's motion as to the first statement, the Court will grant the motion in part and exclude testimony from Harapat regarding Vigil's alleged statement outside the Fourth Judicial District Attorney's Office.

Harapat opposes the motion, however, with respect to the second statement. Vigil seeks to exclude Harapat's testimony that he overheard Vigil on the telephone at the San Miguel Detention Center state: "Tom, what should we charge them with?" Motion at 2; Response at 2. Vigil objects that the testimony is not relevant and unfairly prejudices him. There is also a question whether Harapat is certain that the statement was made and whether he may testify that he assumed the Tom that Vigil spoke to was Tom Clayton, an assistant district attorney. Harapat argues that the statement is relevant because it tends to undermine Vigil's defense that he had probable cause to arrest Harapat and the other demonstrators by showing that Vigil did not know what crime, if any, Harapat had committed, and also demonstrates bias.

To establish a First-Amendment retaliation claim, a plaintiff must show that the defendant's action was substantially motivated as a response to the plaintiff's exercise of his First-Amendment speech rights. See Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000); Smith v. Maschner, 899 F.2d 940, 949-50 (10th Cir. 1990)(stating that "[The plaintiff] must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place."). The Court finds that Harapat's testimony that he overheard Vigil state "Tom, what should we charge them with?" is probative of Vigil's knowledge and intent, a necessary element of his First-Amendment retaliation claim, and will permit Harapat to testify to the statement. The certainty Harapat has as to what he heard is an issue appropriate for cross-examination. The Court will not,

however, permit Harapat to speculate the identity of "Tom" or assume on the stand that Vigil was talking to Tom Clayton. The Court finds that the evidence is relevant to the First-Amendment claim, but not to the Fourth-Amendment claims, and will permit Vigil to submit a limiting instruction to the Court limiting the statement's relevance to the First-Amendment claim.

  **IT IS ORDERED** that Defendant Benjie Vigil's Motion in Limine to Exclude Evidence of Defendant Vigil's Alleged Conversations with the District Attorney's Office is granted in part and denied in part. Plaintiff Dale Harapat is precluded from testifying about the alleged statement made by Defendant Benjie Vigil outside the Fourth Judicial District Attorney's Office, but he is permitted to testify about the Vigil's alleged statement during a telephone conversation which Harapat overheard at the San Miguel Detention Center.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Adam S. Baker
Taos, New Mexico

-and-

Alan H. Maestas
Maestas & Boothby, P.C.
Taos, New Mexico

  *Attorneys for the Plaintiff*

Carlos M. Quinones
Quinones Law Firm
Santa Fe  New Mexico

  *Attorney for Defendant Benji Vigil*

Luis E. Robles
Terri S. Beach
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

*Attorneys for Defendants Phil Esquibel, Tony Valdez, Richard Flores*